| | |
|---|---|
| | IN THE UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

ROOSEVELT LEON CATHEY,

      Petitioner,                   No. CIV S-08-1912 KJM P

  vs.

D.K. SISTO, Warden,

      Respondent.              <u>ORDER</u>

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus challenging his Sacramento County conviction for burglary and resulting three-strikes sentence of twenty-five-years-to-life on the grounds that his sentence violates the Eighth Amendment's proscription against cruel and unusual punishment and that he received ineffective assistance of counsel. Respondent has answered the petition.

        Petitioner has filed a motion for a stay of the proceedings to allow him to exhaust claims which his earlier jailhouse lawyer failed to pursue; these include a claim of actual innocence, violation of the confrontation clause, additional instances of ineffective assistance of counsel and ineffective assistance of appellate counsel. Docket No. 12. Respondent has not

/////

/////

opposed the request. Accordingly, the court grants the motion. See King v. Ryan, No. 06-55858, slip op. (9th Cir. May 5, 2009) (no need to show good cause to stay fully exhausted petition).

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for appointment of counsel (Docket No. 13) is denied without prejudice to a renewal of the motion at a later stage of the proceedings;

2. Petitioner's request for a stay of proceedings (Docket No. 11) is granted;

3. Petitioner is directed to file his exhaustion petition within thirty days of the date of this order;

4. Petitioner is directed to file a status report on the progress of the exhaustion petition within ninety days of the date of this order;

5. If the state exhaustion proceedings are not completed within one hundred eighty days of the date of this order, petitioner shall file a second status report, and further reports at ninety day intervals until the exhaustion process is completed. Petitioner is cautioned that failure to file status reports may result in a recommendation that the action be dismissed;

6. Within thirty days of the California Supreme Court's resolution of the state action, petitioner shall file a motion to lift the stay together with either a motion to dismiss the action or a motion to file an amended petition, together with the proposed amended petition. Respondent's response to any such motion is due thirty days after the motion is filed, with petitioner's reply, if any, within fifteen days after the opposition is filed; and

7. In the absence of respondent's consent to the undersigned as presider, the Clerk of the Court is directed to assign a district judge to this action.

DATED: May 29, 2009.

_____
U.S. MAGISTRATE JUDGE

2/kly
cath1912.110